**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AUTOMOTIVE TECHNOLOGIES<br>INTERNATIONAL, INC.,<br>a Delaware corporation, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | C.A. No. |
| HYUNDAI MOTOR AMERICA,<br>a Delaware corporation,<br>BMW OF NORTH AMERICA, LLC,<br>a Delaware limited liability company and<br>KIA MOTORS AMERICA, INC.,<br>a Delaware corporation, | )<br>)<br>)<br>)<br>)<br>) | **JURY TRIAL DEMANDED** |
| Defendants. | )<br>) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Automotive Technologies International, Inc., as its Complaint against
Defendants Hyundai Motor America, a Delaware Corporation, BMW of North America, LLC, a
Delaware limited liability company, and Kia Motors America, Inc., a Delaware Corporation,
alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff Automotive Technologies International, Inc. ("ATI") is a Delaware
corporation.

2.      Defendant Hyundai Motors America ("Hyundai") is a Delaware corporation
based in California.  Hyundai is a manufacturer and importer of vehicles in the United States.

3.      Defendant BMW of North America, LLC, ("BMW") is a Delaware limited
liability company.  BMW is a manufacturer and importer of vehicles in the United States.

4.      Defendant Kia Motors America, Inc., ("Kia") is a Delaware corporation based in California.  Kia is a manufacturer and importer of vehicles in the United States.

5.      This is an action for patent infringement.  All of the acts of patent infringement complained of in this Complaint occurred, among other places, within this judicial district.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331 over this infringement action, arising under the Patent Act, 35 U.S.C. §1 et seq., including §§ 271 and 281-285.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), (c) and 28 U.S.C. §1400(b).  The Court has personal jurisdiction over each of the parties.


## GENERAL ALLEGATIONS

8.      The following patents have been issued duly and legally to Plaintiff ATI on the following dates:

a.      U.S. Patent No, 5,901,978 entitled "Method and Apparatus for Detecting the Presence of a Child Seat," issued May 11, 1999. (Exhibit 1)

b.      U.S. Patent No. 6,325,414 entitled "Method and Arrangement for Controlling Deployment of a Side Airbag," issued December 4, 2001. (Exhibit 2)

c.      U.S. Patent No. 6,422,595 entitled "Occupant Position Sensor and Method and Arrangement for Controlling a Vehicular Component Based on an Occupant's Position," issued July 23, 2002. (Exhibit 3)

d.      U.S. Patent No. 6,484,080 entitled "Method and Apparatus for Controlling a Vehicular Component," issued November 19, 2002. (Exhibit 4)

e.      U.S. Patent No. 6,712,387 entitled "Method and Apparatus for Controlling Deployment of a Side Airbag," issued March 30, 2004. (Exhibit 5)

f.      U.S. Patent No. 6,757,602 entitled "System For Determining the Occupancy State of a Seat in a Vehicle and Controlling a Component Based Thereon," issued June 29, 2004. (Exhibit 6)

2

g. U.S. Patent No. 6,833,516 entitled "Apparatus and method for controlling a vehicular component," issued December 21, 2004. (Exhibit 7)

h. U.S. Patent No. 6,850,824 entitled "Method and Apparatus for Controlling a Vehicular Component," issued February 1, 2005.  (Exhibit 8)

i. U.S. Patent No. 6,869,100 entitled "Method and Apparatus for Controlling an Airbag," issued March 22, 2005. (Exhibit 9)

j. U.S. Patent No. 6,942,248 entitled "Occupant Restraint Device Control System and Method," issued September 13, 2005. (Exhibit 10)

k. U.S. Patent No. 6,958,451 entitled "Apparatus and Method for Measuring Weight of an Occupying Item of a Seat," issued October 25, 2005. (Exhibit 11)

9. All of the patents set forth in paragraph 8, a-k (collectively, "the ATI Patents"), are valid, subsisting, enforceable, and are presently owned by ATI and have been owned by ATI for all times relevant hereto.

10. The general subjects covered by the ATI Patents include, but are not limited to occupant sensing, position sensing, weight sensing, child seat sensing, rear-facing child seat sensing, airbag deployment, airbag suppression, and related systems as used in a vehicle containing airbags.

11. Defendant Hyundai makes, uses, imports and/or sells vehicles with certain occupant presence and/or detection and/or position systems and/or child seat presence detection systems, including, upon information and belief, systems made by IEE Automotive, Inc., including the Passenger Presence Detection ("PPD") system made by IEE.  In certain vehicles the PPD system works in conjunction with seat track sensors.   In all vehicles the system comprises and controls, or works in conjunction with an electronic controller for, among other things, suppressing or allowing the deployment of side airbags and side curtain airbags in a vehicle equipped with the system(s).  Upon information and belief, the PPD system has been used by Hyundai at least in the following models:

| Year | Model |
|------|-------|
| 2000 | Hyundai Sonata |
| 2001 | Hyundai Sonata |
| 2002 | Hyundai Sonata |
| 2003 | Hyundai Sonata |
| 2004 | Hyundai Sonata |
| 2006 | Hyundai Sonata |
| 2001 | Hyundai Elantra |
| 2002 | Hyundai Elantra |
| 2003 | Hyundai Elantra |
| 2004 | Hyundai Elantra |
| 2005 | Hyundai Elantra |
| 2006 | Hyundai Elantra |
| 2001 | Hyundai XG300 |
| 2004 | Huyndai Santa Fe |

12.     Each of the vehicles listed above, and those vehicles not specifically listed but which use the system(s) described above, infringe the ATI Patents.  Defendant Hyundai markets and sells these models to the public.  Defendant will continue to do so unless enjoined by this Court.

13.     Defendant Kia makes, uses, and sells vehicles with certain occupant presence and/or detection and/or position systems and/or child seat presence detection systems, which, upon information and belief, are made by or employ the IEE system set forth above in paragraph 11, including specifically the PDD and Occupant Classification ("OC") systems made by IEE. The system in Kia vehicles comprises and controls, or works in conjunction with an electronic controller for, among other things, suppressing or allowing the deployment of side airbags and side curtain airbags in a vehicle equipped with the system(s).  Upon information and belief the IEE systems are supplied in at least the following Kia vehicles:

| Year | Model |
|------|-------|
| 2002 | Kia Optima |
| 2004 | Kia Sedona |
| 2005 | Kia Sorento |
| 2002 | Kia Sportage |
| 2004 | Kia Amanti |
| 2005 | Kia Spectra |
| 2005 | Kia Spectra5 |
| 2006 | Kia Rio |
| 2006 | Kia Rio5 |

14.     Upon information and belief, Kia makes and sells other models than those listed in Paragraph 13 with an occupant sensing system using IEE products.  Each of the vehicles listed above, and those vehicles not specifically listed but which use the system described above, infringe the ATI Patents set forth in paragraph 8.  Defendant Kia markets and sells these models to the public.  Defendant will continue to do so unless enjoined by this Court.

15.     Defendant BMW makes, uses, and sells vehicles with certain occupant presence and/or detection and/or position systems and/or child seat presence detection systems, which, upon information and belief, are made by or employ the IEE system set forth above in paragraph 11, including specifically the PDD and OS systems. These are referred to as "occupant sensor intelligent," or  "SBE" or similar name by BMW.  The system in BMW vehicles comprises and controls, or works in conjunction with an electronic controller for, among other things, suppressing or allowing the deployment of side airbags and side curtain airbags in a vehicle equipped with the system(s).  Upon information and belief the IEE systems are supplied in at least the following BMW vehicles:

| Year | Model |
|------|-------|
| 2003-6 | 3-series |
| 2003-6 | 5-series |
| 2003-6 | 7-series |
| 2003-6 | Z4 |
| 2004-6 | 6-series |
| 2003-6 | X3 and X5 |

16.     Upon information and belief, BMW makes and sells other models than those listed in Paragraph 15 with an occupant sensing system using IEE products.  Each of the vehicles listed above, and those vehicles not specifically listed but which use the system described above, infringe the ATI Patents set forth in paragraph 8.  Defendant BMW markets and sells these models to the public.  Defendant will continue to do so unless enjoined by this Court.

## DAMAGES

17.     As a result of the above infringement, ATI has been damaged, and will continue to be damaged unless the infringement is enjoined by this Court.

## RELIEF REQUESTED

Wherefore, Plaintiff Automotive Technologies International, Inc. prays for relief against the Defendants as follows:

1.     That U.S. Patent No. 5,901,978 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

2.     That U.S. Patent No. 6,325,414 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

3.     That U.S. Patent No. 6,422,595 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

4.     That U.S. Patent No. 6,484,080 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

5.      That U.S. Patent No. 6,712,387 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

6.      That U.S. Patent No. 6,757,602 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

7.      That U.S. Patent No. 6,833,516 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

8.      That U.S. Patent No. 6,850,824 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

9.      That U.S. Patent No. 6,869,100 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

10.     That U.S. Patent No. 6,942,248 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

11.     That U.S. Patent No. 6,958,451 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

12.     That Plaintiff be awarded compensatory damages for past infringement by the Defendants in an amount no less than a reasonable royalty, and a sum to be determined at trial, and that said damages be trebled in view of the wilful and deliberate nature of the infringement;

13.     That all Defendants, their officers, agents, servants, employees and attorneys, and other persons in active concert or participation with them be preliminarily and then permanently enjoined from further infringement of the patents-in-suit;

14.     That all Defendants be ordered to deliver to Plaintiff for destruction all infringing products and systems in their possession;

15.    That this case be declared an exceptional case under 35 U.S.C. §285 as to each Defendant and that Plaintiff be awarded its attorney fees incurred in this action;

16.    For an award of Plaintiff's costs of this action, interest on the award and other charges to the maximum extent permissible; and

17.    For such other further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


Dated:  June 16, 2006

Richard K. Herrmann #405
MORRIS, JAMES, HITCHENS & WILLIAMS, LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Plaintiff
AUTOMOTIVE TECHNOLOGIES
INTERNATIONAL, INC.


SOMMERS SCHWARTZ, P.C.
Andrew Kochanowski
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300

BANIAK PINE & GANNON
Michael H. Baniak
Attorneys for Plaintiff
150 N. Wacker Drive, Suite 1200
Chicago, IL 60606
(312) 673-0360

8