IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HYUNDAI MOTOR AMERICA, BMW OF NORTH AMERICA, LLC and KIA MOTORS AMERICA, INC., <br><br> Defendants. | C.A. No.: 06-391 (GMS) <br><br> **JURY TRIAL DEMANDED** |

**ANSWER, DEFENSES, AND COUNTERCLAIM OF
DEFENDANT BMW OF NORTH AMERICA, LLC**

Defendant and Counterclaim Plaintiff BMW of North America, LLC ("BMWNA"), for its answer, defenses, and counterclaims, hereby pleads as follows:

**ANSWER AND DEFENSES**

**PARTIES, JURISDICTION AND VENUE**

1. BMWNA is without sufficient information to admit or deny the allegations of paragraph 1 and on that basis denies all allegations therein.

2. BMWNA is without sufficient information to admit or deny the allegations of paragraph 2 and on that basis denies all allegations therein.

3. BMWNA admits that it is a Delaware limited liability company that imports certain BMW vehicles into the United States. BMWNA denies that it is a manufacturer of any vehicles.

4. BMWNA is without sufficient information to admit or deny the allegations of paragraph 4 and on that basis denies all allegations therein.

5. BMWNA admits that Plaintiff ATI has initiated an action for patent infringement. BMWNA denies all remaining allegations of paragraph 5.

6. BMWNA admits that Plaintiff purports to invoke this Court's subject matter jurisdiction under 28 USC §§ 1331 and 1338(a). BMWNA admits that this cause of action arises in part under the Patent laws.

7. BMWNA admits that venue lies in this judicial district under 28 U.S.C. § 1391(c). BMWNA lacks knowledge sufficient to determine if this Court has personal jurisdiction over all of the Parties in this case and, therefore, denies the remaining allegations in paragraph 7. Further answering, BMWNA states that, depending on proceedings in this and related cases, the District of Delaware may not be the most appropriate forum in which this action should proceed, and that another venue may be more appropriate in this case.

## GENERAL ALLEGATIONS

8. BMWNA admits that the following patents were issued on the dates indicated, and listed ATI as assignee at the time of issuance as indicated:

   a. U.S. Pat. No. 5,901,978, titled "Method And Apparatus For Detecting The Presence Of A Child Seat," issued May 11, 1999.

   b. U.S. Pat. No. 6,325,414, titled "Method And Arrangement For Controlling Deployment Of A Side Airbag," issued December 4, 2001.

   c. U.S. Pat. No. 6,422,595, titled "Occupant Position Sensor And Method And Arrangement For Controlling A Vehicular Component Based On An Occupant's Position," issued July 23, 2002.

    d.    U.S. Pat. No. 6,484,080, titled "Method And Apparatus For Controlling A Vehicular Component," issued November 19, 2002.

    e.    U.S. Pat. No. 6,712,387, titled "Method And Apparatus For Controlling Deployment Of A Side Airbag," issued March 30, 2004.

    f.    U.S. Pat. No. 6,757,602, titled "System For Detecting The Occupancy State Of A Seat In A Vehicle And Controlling A Component Based Thereon," issued June 29, 2004.

    g.    U.S. Pat. No. 6,833,516, titled "Apparatus And Method For Controlling A Vehicular Component," issued December 21, 2004.

    h.    U.S. Pat. No. 6,850,824 titled, "Method And Apparatus For Controlling A Vehicular Component," issued February 1, 2004.

    i.    U.S. Pat. No. 6,869,100, titled "Method And Apparatus For Controlling An Airbag," issued March 22, 2005.

    j.    U.S. Pat. No. 6,942,248, titled "Occupant Restraint Device Control System And Method," issued September 13, 2005.

    k.    U.S. Pat. No. 6,958,451, tilted "Apparatus And Method For Measuring Weight Of An Occupying Item Of A Seat," issued October 25, 2005.

Except as expressly admitted above, BMWNA denies each and every allegation of this paragraph.

    9.    Denied.

    10.    To the extent that Plaintiff seeks to characterize the content or scope of the patents in suit, BMWNA refers the Court to the patents themselves, which are the best

evidence of what they disclose and claim. Except as admitted herein expressly, BMWNA denies each and every allegation of this paragraph.

11. BMWNA is without sufficient information to admit or deny the allegations of paragraph 11 and on that basis denies all allegations therein.

12. BMWNA is without sufficient information to admit or deny the allegations of paragraph 12 and on that basis denies all allegations therein.

13. BMWNA is without sufficient information to admit or deny the allegations of paragraph 13 and on that basis denies all allegations therein.

14. BMWNA is without sufficient information to admit or deny the allegations of paragraph 14 and on that basis denies all allegations therein.

15. BMWNA admits that sensor mats made by IEE are used in some of the vehicles it imports and sells, but specifically denies that the table contained in Plaintiff's Complaint is accurate and affirmatively states that the table is not accurate. BMWNA denies the remaining allegations of this paragraph.

16. BMWNA admits that it distributes vehicles through networks of authorized dealers. BMWNA denies all other allegations in paragraph 16.

## DAMAGES

17. BMWNA denies the allegations in paragraph 17.

## RESPONSE TO REQUESTED RELIEF

18. BMWNA denies that Plaintiff is entitled to the relief it has requested against BMWNA and denies that Plaintiff is entitled to any relief against BMWNA. BMWNA denies all allegations in paragraphs 1 through 17 of ATI's requested relief.

## DEFENSES

### FIRST DEFENSE – Failure To State A Claim

19. ATI fails to state facts sufficient to constitute claims upon which relief may be granted.

### SECOND DEFENSE – Non-infringement

20. No product made, used, imported, offered for sale or sold by BMWNA infringes or has infringed the asserted ATI Patents, nor has BMWNA contributed to or induced infringement of the asserted ATI Patents by any third parties.

### THIRD DEFENSE – Invalidity

21. The asserted ATI Patents are invalid for failing to comply with the requirements of patentability stated in Title 35, United States Code.

### FOURTH DEFENSE – Prosecution History Estoppel

22. ATI is estopped from asserting infringement under the doctrine of equivalents for one or more of ATI's asserted claims.

### FIFTH DEFENSE – Laches

23. ATI is time barred under the doctrine of laches to bring this action against BMWNA.

### SIXTH DEFENSE -- Licensee

25. The conduct accused of infringement by ATI is subject to a license ATI previously granted to BMWNA, at least in part.

### SEVENTH DEFENSE – Res Judicata

26. ATI's claims are barred, at least in part, under the doctrine of *res judicata* or other collateral estoppel doctrines.

## COUNTERCLAIM

### THE PARTIES

27. BMWNA is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey.

28. BMWNA is informed and believes that Counterclaim Defendant ATI is a Delaware corporation.

### JURISDICTION AND VENUE

29. This Court has subject matter jurisdiction over these counterclaims based on 28 U.S.C. §§ 1331, 1338(a) and 2201-02. In addition, this Court has supplemental jurisdiction based upon 28 U.S.C. § 1367 and Fed. R. Civ. P. 13(a) as a compulsory counterclaim.

30. This Court has personal jurisdiction over ATI.

31. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). However, as noted above, depending on further proceedings in this case and related cases, venue may be more convenient over the Plaintiff ATI's main claim in another district. If Plaintiff ATI's Complaint is transferred, venue would best be laid over this Counterclaim in the same district as for Plaintiff ATI's Complaint.

32. By filing its Complaint, ATI has created an actual case and controversy between it and BMWNA.

### COUNTERCLAIM FOR RELIEF

33. BMWNA incorporates its foregoing response and allegations.

34. BMWNA seeks a declaration that the products made, used, imported, sold or offered for sale by BMWNA have not and do not infringe, directly or indirectly, any

valid and enforceable claim of the ATI Patents and/or that the ATI Patents are either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. §§ 1, *et seq.*

35. At the time ATI brought its action it knew or should have known that the ATI Patents were either not infringed, invalid or otherwise unenforceable for failure to comply with one or more of 35 U.S.C. §§ 1, *et seq.* BMWNA therefore seeks a finding that this is an exceptional case under 35 U.S.C § 285.

## PRAYER FOR RELIEF

WHEREFORE, BMWNA prays for the following relief:

A. That ATI take nothing by its Complaint;

B. An order declaring that BMWNA has not infringed any valid, enforceable claim of the ATI Patents literally or under the doctrine of equivalents and/or that the ATI Patents are invalid or otherwise unenforceable for failure to comply with one or more of 35 U.S.C. §§ 1, *et seq.*

C. An order enjoining ATI, its officers, agents, servants, employees, attorneys and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the ATI Patents against BMWNA, or anyone in privity with BMWNA;

D. An award of pre-judgment and post-judgment interest and costs;

E. A finding that this is an exceptional case under 35 U.S.C. § 285;

F. An award of attorney fees pursuant to 35 U.S.C. § 285; and

G. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Defendant BMWNA demands a trial by jury on all issues so triable in the Complaint, BMWNA's Answer and Defenses, and on any issues triable to a jury in BMWNA's Counterclaim.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joseph P. Lavelle
Thomas M. Dunham
HOWREY LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Dated: September 8, 2006

749362

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorney for Defendant*
*BMW of North America LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 8, 2006, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Richard K. Herrmann
Mary Matterer
Morris, James, Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

I hereby certify that on September 8, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Andrew Kochanowski
Sommers Schwartz, P.C.
2000 Town Center, Suite 900
Southfiled, MI 48075
akochanowski@sommerspc.com

Michael H. Baniak
Baniak Pine & Gannon
150 N. Wacker Drive, Suite 1200
Chicago, IL 60606
baniak@bpglaw.com

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

749385