IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) | C.A. No. 06-391 (GMS) |
| HYUNDAI MOTOR AMERICA, BMW OF NORTH AMERICA, LLC, KIA MOTORS AMERICA, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

### KIA MOTORS AMERICA INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

In response to the Complaint by Plaintiff Automotive Technologies International, Inc. ("ATI"), Kia Motors America Inc. ("KMA") brings the within answer, affirmative defenses and counterclaims and pleads as follows:

### PARTIES, JURISDICTION AND VENUE

1. KMA lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1 of the Complaint, and therefore denies this allegation.

2. KMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies these allegations.

3. KMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies these allegations.

4. KMA admits that it maintains an office in California. KMA denies the remaining allegations in paragraph 4 of the Complaint.

5. KMA admits that the Complaint by ATI purports to be an action for patent infringement. KMA denies that it has engaged in any acts of patent infringement. KMA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint as they pertain to other named defendants, and therefore denies these allegations.

6. Admitted.

7. KMA admits that venue lies in this district. KMA, however, is aware that in a related case filed by ATI in this district, the defendants have sought transfer to the Eastern District of Michigan, where ATI previously has filed other patent cases. Accordingly, KMA states that venue may be more appropriate in Eastern District of Michigan. KMA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint, and therefore denies these allegations.

## **GENERAL ALLEGATIONS**

8. KMA admits that U.S. Patent Nos. 5,901,978, 6,325,414, 6,422,595, 6,484,080, 6,712,387, 6,757,602, 6,833,516, 6,850,824, 6,869,100, 6,942,248, and 6,958,451 ("the ATI Patents") are attached to the Complaint as Exhibits 1-11. KMA admits that the titles and issue dates identified in paragraph 8 (a-k) appear on the respective faces of the ATI patents. KMA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint, and therefore denies these allegations.

9. Denied.

10. KMA states that the patents speak for themselves. KMA denies the remaining allegations in paragraph 10 of the Complaint.

11. KMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies these allegations.

12. KMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies these allegations.

13. KMA admits that it sells vehicles, some of which include components manufactured by IEE. KMA denies the remaining allegations in paragraph 13 of the Complaint.

14. KMA admits that it markets vehicles to the public. KMA denies the remaining allegations in paragraph 14 of the Complaint.

15. KMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies these allegations.

16. KMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies these allegations.

## DAMAGES

17. Denied.

## RELIEF REQUESTED

1-17. KMA denies any allegations in the prayer for relief, and denies that ATI is entitled to any relief.

## AFFIRMATIVE DEFENSES

3

1.   ATI fails to state a claim upon which relief can be granted.

2.   KMA has not infringed, literally or under the doctrine of equivalents, any claim of the ATI Patents.

3.   The ATI Patents are invalid for failure to meet the conditions of patentability specified in Title 35, U.S.C., including in particular, §§ 102, 103, and 112 of said Title.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

1.   This is an action seeking declaratory judgment of (a) non-infringement by KMA, and (b) invalidity of the ATI Patents.

2.   This Court has jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3.   Venue for these Counterclaims is proper in this district pursuant to 29 U.S.C. § § 1391(b) and 1400(b) and because ATI chose this Court to file suit and has thereby consented to venue.  If ATI's Complaint in this case (or its related case in this district) is transferred to the Eastern District of Michigan, then venue for this counterclaim would be more appropriate in that district.

4.   KMA is a California corporation with its principal place of business in California.

5.   Upon information and belief, ATI is a Delaware corporation.

6.   Upon information and belief, ATI is the owner of the ATI Patents.

7.   An actual controversy exists between KMA and ATI as to the asserted ATI Patents.

## FIRST COUNTERCLAIM

8.   The averments of paragraphs 1-7 of the Counterclaims are realleged as if fully set forth herein.

9. KMA has not infringed any claim of the ATI Patents.

## SECOND COUNTERCLAIM

10. The averments of paragraphs 1-9 of the Counterclaims are realleged as if fully set forth herein.

11. The ATI Patents are invalid for failure to meet the conditions of patentability specified in Title 35, U.S.C., including in particular, §§ 102, 103, and 112 of said Title.

## PRAYER FOR RELIEF

WHEREFORE, counterclaim plaintiff KMA prays for judgment in its favor and against counterclaim defendant ATI that:

A. The claims that KMA infringes the ATI Patents be dismissed with prejudice in all respects and that ATI take nothing thereby;

B. The ATI Patents be declared invalid;

C. Judgment be entered against ATI;

D. This action be declared an exceptional case under the provisions of 35 U.S.C. § 285 and that judgment be granted awarding KMA its costs and reasonable attorney fees; and

E. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

KMA demands a jury trial.

Dated: September 18, 2006

Respectfully submitted,

By: /s/ *Paul E. Crawford*
Paul E. Crawford, Esq. (#0493)
Patricia S. Rogowski, Esq. (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 8th floor
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

ATTORNEYS FOR DEFENDANT KIA MOTORS AMERICA, INC.

OF COUNSEL:
Jeffrey K. Sherwood
Frank C. Cimino
Paul A. Gennari
Jin-Suk Park
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
(202) 887-4000

ATTORNEYS FOR DEFENDANT KIA MOTORS AMERICA, INC.

488314_1.DOC

## CERTIFICATE OF SERVICE

I certify that two true and correct copies of the foregoing **KIA Motors America Inc.'s Answer, Affirmative Defenses And Counterclaims** were served this 18th day of September, 2006, upon each of the following persons by hand delivery and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

### VIA HAND DELIVERY

Richard K. Herrmann
Morris, James, Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE  19801

                                                /s/ *Paul E. Crawford*
Paul E. Crawford, Esq.
Connolly Bove Lodge & Hutz LLP
(302) 888-6262
(302) 658-5614 (Facsimile)
pcrawford@cblh.com