IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, BMW OF NORTH AMERICA, LLC AND KIA MOTORS AMERICA, INC.<br><br>Defendants. | C.A. No.: 06-391 (GMS)<br><br>JURY TRIAL DEMANDED |

### ATI'S ANSWER TO BMW'S COUNTERCLAIMS

Plaintiff Automotive Technologies International, Inc. ("ATI") hereby answers the Counterclaims of Defendant BMW of North America, LLC ("BMWNA") and asserts the following affirmative defenses:

### THE PARTIES

27.  BMWNA is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey.

**ANSWER:**

ATI admits the allegations of this paragraph 27.

28.  BMWNA is informed and believes that Counterclaim Defendant ATI is a Delaware corporation.

**ANSWER:**

ATI admits the allegations of this paragraph 28.

### JURISDICTION AND VENUE

29.  This Court has subject matter jurisdiction over these counterclaims based on 28 U.S.C. §§1331, 1338(a) and 2201-02. In addition, this Court has supplemental

jurisdiction based upon 28 U.S.C. §1367 and Fed. R. Civ. P. 13(a) as a compulsory counterclaim.

**ANSWER:**

ATI admits the allegations of this paragraph 29.

30. This Court has personal jurisdiction over ATI.

**ANSWER:**

ATI admits the allegations of this paragraph 30.

31. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b). However, as noted above, depending on further proceedings in this case and related cases, venue may be more convenient over the Plaintiff ATI's main claim in another district. If Plaintiff ATI's Complaint is transferred, venue would best be laid over this Counterclaim in the same district as for Plaintiff ATI's Complaint.

**ANSWER:**

ATI admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). ATI denies that venue for this case may be more convenient in any other district, and denies the remaining allegations of this paragraph 31.

32. By filing its Complaint, ATI has created an actual case and controversy between it and BMWNA.

**ANSWER:**

ATI admits that there exists an actual case and controversy between it and BMWNA, and denies the remaining allegations of this paragraph 32.

## COUNTERCLAIM FOR RELIEF

33. BMWNA incorporates its foregoing response and allegations.

**ANSWER:**

ATI incorporates its foregoing responses and allegations as if fully stated herein.

34. BMWNA seeks a declaration that the products made, used, imported, sold or offered for sale by BMWNA have not and do not infringe, directly or indirectly, any valid and enforceable claim of the ATI Patents and/or that the ATI Patents are either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. §§1, *et. seq.*

**ANSWER:**

ATI admits that BMWNA seeks the stated declaration of noninfringement, invalidity, and/or unenforceability of the ATI Patents. ATI denies that the products made, used, imported, sold or offered for sale by BMWNA have not and do not infringe, directly or indirectly, the ATI Patents, or that any of the ATI Patents are either invalid or unenforceable.

35. At the time ATI brought its action it knew or should have known that the ATI Patents were either not infringed, invalid or otherwise unenforceable for failure to comply with one or more of 35 U.S.C. §§ 1 *et. seq.* therefore seeks a finding that this is an exceptional case under 35 U.S.C. § 285.

**ANSWER:**

ATI denies the allegations of this paragraph 35.

### PRAYER FOR RELIEF

ATI denies BMWNA's "Prayer for Relief", except to the extent that ATI admits that a finding should be made that this is an exceptional case under 35 U.S.C. § 285 and that an award of attorney fees should be made pursuant to 35 U.S.C. § 285, all in favor of ATI.

### ATI AFFIRMATIVE DEFENSES

1. Defendant BMWNA fails to state a claim for alleged invalidity of the ATI Patents, as there is no factual basis whatsoever set forth supporting alleged invalidity.

2. Defendant BMWNA fails to state a claim for alleged unenforceability of the ATI Patents, as there is no factual basis whatsoever set forth supporting alleged unenforceability.

## ATI PRAYER FOR RELIEF

Wherefore, Plaintiff Automotive Technologies International, Inc. prays for relief against the Defendants as follows:

1. That BMWNA's Counterclaims be dismissed with prejudice;

2. That U.S. Patent No. 5,901,978 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

3. That U.S. Patent No. 6,325,414 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

4. That U.S. Patent No. 6,422,595 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

5. That U.S. Patent No. 6,484,080 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

6. That U.S. Patent No. 6,712,387 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

7. That U.S. Patent No. 6,757,602 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

8. That U.S. Patent No. 6,833,516 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

9. That U.S. Patent No. 6,850,824 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

10. That U.S. Patent No. 6,869,100 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

11. That U.S. Patent No. 6,942,248 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

12. That U.S. Patent No. 6,958,451 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

13. That Plaintiff be awarded compensatory damages for past infringement by the Defendants in an amount no less than a reasonable royalty, and a sum to be determined at trial, and that said damages be trebled in view of the willful and deliberate nature of the infringement;

14. That all Defendants, their officers, agents, servants, employees and attorneys, and other persons in active concert or participation with them be preliminarily and then permanently enjoined from further infringement of the patents-in-suit;

15. That all Defendants be ordered to deliver to Plaintiff for destruction all infringing products and systems in their possession;

16. That this case be declared an exceptional case under 35 U.S.C. §285 as to each Defendant and that Plaintiff be awarded its attorney fees incurred in this action;

17. For an award of Plaintiff's costs of this action, interest on the award and other charges to the maximum extent permissible; and

18. For such other further relief as the Court deems just and proper under the circumstances.

**DEMAND FOR JURY**

ATI demands a jury trial for all issues so triable.

*/s/ Mary Matterer*

Dated: September 26, 2006

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
302.888.6800
mmatterer@morrisjames.com

Andrew Kochanowski
SOMERS & SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075

Michael H. Baniak
BANIAK PINE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, Illinois 60606

Attorneys For Plaintiff
AUTOMOTIVE TECHNOLOGIES
INTERNATIONAL, INC.

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2006, I electronically filed the foregoing document, **ATI'S ANSWER TO BMW'S COUNTERCLAIMS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Richard L. Horwitz | Paul E. Crawford |
| David E. Moore | Patricia S. Rogowski |
| Potter Anderson & Corroon LLP | Connolly Bove Lodge & Hutz LLP |
| Hercules Plaza, 6th Floor | The Nemours Bldg, 8th Floor |
| 1313 N. Market Street | 1007 North Orange Street |
| Wilmington, DE 19801 | Wilmington, DE 19801 |

Additionally, I hereby certify that on the 26th day of September, 2006, the foregoing document was served on the above counsel via email and hand delivery and on the below counsel via email and Federal Express:

| | |
|---|---|
| Joseph P. Lavelle | Jeffrey K. Sherwood |
| Thomas M. Dunham | Frank C. Cimino |
| Howrey LLP | Akin Gump Strauss Hauer & Feld LLP |
| 1299 Pennsylvania Ave, NW | Robert S. Strauss Building |
| Washington, DC 20004 | 1333 New Hampshire Ave, NW |
| 202.783.0800 | Washington, DC 20036-1564 |
| | 202.887.4000 |

_/s/ Mary Matterer_
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

Attorneys for Plaintiff
AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.