## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.<br><br>                    Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, BMW OF NORTH AMERICA, LLC AND KIA MOTORS AMERICA, INC.<br><br>          Defendants. | C.A. No.:  06-391 (GMS)<br><br>JURY TRIAL DEMANDED |

### ATI'S ANSWER TO HYUNDAI'S COUNTERCLAIMS

Plaintiff Automotive Technologies International, Inc. ("ATI") hereby answers the

Counterclaims of Defendant Hyundai Motor America ("HMA") and asserts the following

affirmative defenses:

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

1.      This is an action seeking declaratory judgment of (a) non-infringement by
HMA, and (b) invalidity of the ATI Patents.

**ANSWER:**

ATI admits that this is, in part, an action seeking declaratory judgment of

noninfringement by HMA and invalidity of the ATI Patents.


2.      This Court has jurisdiction over these Counterclaims under 28 U.S.C.
§§1331, 1338(a), and under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

**ANSWER:**

ATI admits the allegations of this paragraph 2.

3.      Venue for these Counterclaims is proper in this district pursuant to 28 U.S.C. 1391(b) and 1400(b) and because ATI chose this Court to file suit and has thereby consented to venue. If ATI'S Complaint in this case (or its related case in this district) is transferred to the Eastern District of Michigan, then venue for this counterclaim would be more appropriate in that district.

**ANSWER:**

ATI admits that venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and 1400(b), and admits that ATI chose this Court to file suit and has consented to venue in this district.  ATI denies the remaining allegations of this paragraph 3.

4.      HMA is a California corporation with its principal place of business in California.

**ANSWER:**

ATI admits the allegations of this paragraph 4.

5.      Upon information and belief, ATI is a Delaware corporation.

**ANSWER:**

ATI admits the allegations of this paragraph 5.

6.      Upon information and belief, ATI is the owner of the ATI Patents.

**ANSWER:**

ATI admits the allegations of this paragraph 6.

7.      An actual controversy exists between HMA and ATI as to the asserted ATI Patents.

**ANSWER:**

ATI admits the allegations of this paragraph 7.

## FIRST COUNTERCLAIM

8.      The averments of paragraphs 1-7 of the Counterclaims are realleged as if fully set forth herein.

**ANSWER:**

The responses to paragraphs 1-7 of the Counterclaims are realleged as if fully set forth herein.

9.      HMA has not infringed any claim of the ATI Patents.

**ANSWER:**

ATI denies the allegations of this paragraph 9.

## SECOND COUNTERCLAIM

10.     The averments of paragraphs 1-9 of the Counterclaims are realleged as if fully set forth herein.

**ANSWER:**

The responses to paragraphs 1-9 of the Counterclaims are realleged as if fully set forth herein

11.     The ATI Patents are invalid for failure to meet the conditions of patentability specified in Title 35, U.S.C., including in particular, §§102, 103, and 112 of said Title.

**ANSWER:**

ATI denies the allegations of this paragraph 11.

## PRAYER FOR RELIEF

ATI denies HMA's "Prayer for Relief", except to the extent that ATI admits that this action should be declared an exceptional case under 35 U.S.C. § 285, but in favor of ATI.

## ATI AFFIRMATIVE DEFENSES

1.    Defendant HMA fails to state a claim for alleged invalidity of the ATI Patents, as there is no factual basis whatsoever set forth supporting alleged invalidity.

## ATI PRAYER FOR RELIEF

Wherefore, Plaintiff Automotive Technologies International, Inc. prays for relief against the Defendants as follows:

1.    That HMA's Counterclaims be dismissed with prejudice;

2.    That U.S. Patent No. 5,901,978 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

3.    That U.S. Patent No. 6,325,414 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

4.    That U.S. Patent No. 6,422,595 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

5.    That U.S. Patent No. 6,484,080 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

6.    That U.S. Patent No. 6,712,387 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

7.    That U.S. Patent No. 6,757,602 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

8.      That U.S. Patent No. 6,833,516 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

9.      That U.S. Patent No. 6,850,824 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

10.     That U.S. Patent No. 6,869,100 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

11.     That U.S. Patent No. 6,942,248 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

12.     That U.S. Patent No. 6,958,451 be adjudged infringed by the Defendants, and that the infringement be held to be willful;

13.     That Plaintiff be awarded compensatory damages for past infringement by the Defendants in an amount no less than a reasonable royalty, and a sum to be determined at trial, and that said damages be trebled in view of the willful and deliberate nature of the infringement;

14.     That all Defendants, their officers, agents, servants, employees and attorneys, and other persons in active concert or participation with them be preliminarily and then permanently enjoined from further infringement of the patents-in-suit;

15.     That all Defendants be ordered to deliver to Plaintiff for destruction all infringing products and systems in their possession;

16.     That this case be declared an exceptional case under 35 U.S.C. §285 as to each Defendant and that Plaintiff be awarded its attorney fees incurred in this action;

17.     For an award of Plaintiff's costs of this action, interest on the award and other charges to the maximum extent permissible; and

18.　　For such other further relief as the Court deems just and proper under the circumstances.

<b><u>DEMAND FOR JURY</u></b>

ATI demands a jury trial for all issues so triable.

Dated:  September 26, 2006

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
302.888.6800
mmatterer@morrisjames.com


Andrew Kochanowski
SOMERS & SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI  48075


Michael H. Baniak
BANIAK PINE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, Illinois  60606


Attorneys For Plaintiff
AUTOMOTIVE TECHNOLOGIES
INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2006, I electronically filed the

foregoing document, **ATI'S ANSWER TO HYUNDAI'S COUNTERCLAIMS**, with

the Clerk of the Court using CM/ECF which will send notification of such filing to the

following:

| | |
|---|---|
| Richard L. Horwitz | Paul E. Crawford |
| David E. Moore | Patricia S. Rogowski |
| Potter Anderson & Corroon LLP | Connolly Bove Lodge & Hutz LLP |
| Hercules Plaza, 6th Floor | The Nemours Bldg, 8th Floor |
| 1313 N. Market Street | 1007 North Orange Street |
| Wilmington, DE  19801 | Wilmington, DE  19801 |

Additionally, I hereby certify that on the 26th day of September, 2006, the

foregoing document was served on the above counsel via email and hand delivery and on

the below counsel via email and Federal Express:

| | |
|---|---|
| Joseph P. Lavelle | Jeffrey K. Sherwood |
| Thomas M. Dunham | Frank C. Cimino |
| Howrey LLP | Akin Gump Strauss Hauer & Feld LLP |
| 1299 Pennsylvania Ave, NW | Robert S. Strauss Building |
| Washington, DC  20004 | 1333 New Hampshire Ave, NW |
| 202.783.0800 | Washington, DC  20036-1564 |
| | 202.887.4000 |

_Mary Matterer_
_____
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

Attorneys for Plaintiff
AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.