**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., <br><br>　　　　　　Plaintiff, <br><br>　v. <br><br>HYUNDAI MOTOR AMERICA, BMW OF NORTH AMERICA, LLC AND KIA MOTORS AMERICA, INC., <br><br>　　　　　　Defendants. | C.A. No.:  06-391 (GMS) <br><br><br> JURY TRIAL DEMANDED |

**JOINT STATUS REPORT**

　　　　Pursuant to the Court's October 25, 2006 Notice of Scheduling Conference, Fed. R. Civ. P. 26(f) and Local Rule 16.2(b), counsel for the parties have conferred on November 17, 2006, about the matters set forth in the Court's Notice.  Plaintiff AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC. ("ATI"), Defendant HYUNDAI MOTOR AMERICA ("HMA"), Defendant BMW OF NORTH AMERICA, LLC ("BMWNA"), and Defendant KIA MOTORS AMERICA, INC. ("KMA"), respectfully submit this Joint Status Report regarding the agenda items to be addressed at the Status and Scheduling Conference.

**1.　　Jurisdiction and Service.**

　　　　This is an action for patent infringement arising under the patent laws of the United States, with counterclaims arising under the patent laws of the United States.  This Court has subject matter jurisdiction.  All parties are subject to personal jurisdiction in this Court.  All parties have been served with the requisite pleadings, and answers have been filed to all claims and counterclaims.

**2.    Substance of the Action.**

   **A.    Plaintiff's Position**

The present case involves claims for infringement of eleven United States Patents owned by Plaintiff ATI. The patents-in-suit generally cover a variety of hardware and software aspects of the relationship between vehicle occupants, seats, and airbags, and the deployment of airbags in relation to occupant presence and/or position. The technology at issue arose in response to issues of passenger safety in an airbag-equipped vehicle. Out-of-position passengers as well as small children or infants in car seats can easily be injured by a deploying airbag. Decisions relating to airbag suppression based on occupant position or presence must be made almost instantly in a collision event. Some of the concepts at issue in the patents-in-suit are enabling airbag deployment relative to a pre-determined threshold; development of deployment algorithms; systems for determining occupancy state of a seat of a vehicle; trained pattern recognition algorithms; child seat sensing; rear-facing child seat sensing; side airbag suppression; signal analysis; determination of occupant position; passenger weight sensing; occupant classification; and occupant categorizing functions.

ATI asserts that the Defendants directly infringe, actively induce others to infringe, and/or contribute to the infringement of one or more claims of each of the patents-in-suit, by making, using, selling, offering for sale and/or importing in or into the United States one or more assemblies or systems, covered by one or more claims of each of the patents-in-suit. Defendants make, use, import and/or sell systems which may have been purchased in part or in whole from a supplier named IEE, Inc., a Luxembourg corporation. ATI believes that the infringing systems are incorporated into various BMW's, Kias, and Hyundais. ATI seeks monetary and injunctive

relief against the Defendants, including treble damages for alleged willful infringement as well as attorney's fees, interest, and costs.

### B. Defendants' Position

Defendants deny that they have infringed any claim of the patents-in-suit, deny that they have contributed to or induced any infringement of the patents-in-suit, and deny that the alleged infringements were willful. Defendants also deny that they can be held liable for damages allegedly incurred before the date they received actual notice of ATI's claims of infringement. Defendants further deny that ATI would be entitled to injunctive relief even if the alleged infringements were occurring.

Defendants also contend that the patents-in-suit are invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112. Defendants further contend that this case is an exceptional case within the meaning of 35 U.S.C. § 285, and that they should be granted an award of attorneys' fees and costs incurred in defending against ATI's allegations.

### 3. Identification of Issues.

Without any party conceding the existence of a genuine issue of fact that would preclude summary judgment on any issue, the likely factual and legal issues that are believed to be in dispute are as follows:

(a) The scope of the claims of the patents-in-suit;

(b) Whether ATI had a good faith basis for accusing each Defendant of infringing the eleven patents-in-suit when it filed its complaint;

(c) Whether each Defendant has infringed each of the patents-in-suit by making, using, selling, offering for sale and/or importing any product;

(d) Whether each Defendant's alleged infringement has been willful;

(e) Whether the patents-in-suit are valid and enforceable;

(f) Whether and to what extent ATI is entitled to damages, injunctive, or other relief from each Defendant if infringement is proven;

(g) Whether and to what extent ATI is entitled to increased damages from a given Defendant if that Defendant's alleged infringement was willful;

(h) Whether ATI's decision to initiate this case renders the case an exceptional case within the meaning of 35 U.S.C. § 285 and, if so, what amount of attorneys' fees and costs should be awarded to Defendants.

**4.    Narrowing of Issues.**

ATI contends that, since discovery has not yet been conducted, the parties do not have a firm understanding as to which, if any, issues may be narrowed by motion or agreement.

HMA and KMA contend that ATI can and should be required to narrow the issues before commencement of discovery or, at the latest, by a date in advance of briefing on claim construction issues. BMWNA believes that the parties and the Court should engage in a meaningful process to reduce the claims at issue and select representative claims prior to the *Markman* briefing. ATI's complaint currently alleges that Defendants have infringed eleven patents, which collectively include 492 separate claims. ATI, however, has not yet identified which of the 492 claims it contends each of the Defendants has infringed.

**5.     Relief.**

ATI seeks compensatory damages, injunctive relief, treble damages, interest, costs, attorney's fees, and such other and further relief as the Court deems appropriate. The precise amount of compensatory damages cannot be determined at this time, as ATI lacks required information regarding Defendants' sales. ATI nevertheless states that compensatory damages in no event should be less than a reasonable royalty.

Defendants seek the entry of judgment in their favor, and against ATI, on all counts of ATI's Complaint. Defendants also seek entry of judgment that (a) declares that all claims of the patents-in-suit are invalid and unenforceable, (b) declares that the patents-in-suit have not been infringed by Defendants, (c) declares that this case is an exceptional case within the meaning of 35 U.S.C. § 285, and (d) orders ATI to pay Defendants for the reasonable attorneys' fees and costs they incur in defending against ATI's allegations.

**6.     Amendment of Pleadings.**

ATI may amend pleadings to add the supplier, IEE, and proposes that the deadline for any amendment of pleadings be set for January 5, 2007.

Defendants agree that January 5, 2007 is an appropriate deadline for ATI to make final amendments to its complaint, but contend that Defendants should be granted (a) two weeks after ATI's deadline to make amendments to their responsive pleadings, and (b) additional time to amend their pleadings to assert inequitable conduct defenses, which cannot be asserted until they obtain necessary discovery from ATI. Accordingly, Defendants propose that they be granted until January 19, 2007 to amend their pleadings and until sixty (60) days before the close of fact discovery to amend their pleadings to assert inequitable conduct defenses. ATI does not agree with this proposal.

**7.     Joinder of Parties.**

With the exception of adding IEE, ATI does not anticipate joinder of additional parties.

Defendants are evaluating whether additional parties should be joined. HMA and KMA cannot complete their evaluation of that issue until ATI identifies which claims of the patents-in-suit it contends each Defendant has infringed, and which systems in their products are alleged to infringe those claims. HMA and KMA therefore propose that the deadline for joining additional parties be set for sixty (60) days after Plaintiff identifies which claims it contends each Defendant has infringed and which systems in Defendants' products allegedly infringe those claims. ATI does not agree, because initial discovery is required from Defendants on their products in order to eliminate some patent claims (such as certain dependant claims) that could otherwise be in issue. If this discovery is provided at an early stage, then the fixed deadline for adding parties should be readily met.

**8.     Discovery.**

ATI proposes that the Court set fact discovery to close on May 15, 2007. Defendants propose that the Court set fact discovery to close on August 31, 2007. The parties propose that the expert discovery period be conducted after the Court conducts a claims construction hearing and issues a ruling. ATI proposes that the Court set expert discovery to close on September 14, 2007, and Defendants propose that the Court set expert discovery to close November 30, 2007. The parties each propose a detailed case schedule that is set forth in section 12 below.

With respect to fact depositions, ATI believes that there should be no limit on the number of depositions per Del. Local Rule 26.1(b). Defendants maintain that each party should be

permitted to take no more than ten depositions of fact witnesses, without leave of Court. The parties agree to consult and negotiate in good faith regarding the duration of depositions.

The parties propose that all written discovery, including for example interrogatories and requests for admission, be served sufficiently in advance so that the 30-day response time occurs before the close of Fact Discovery.

      a.      **Discovery Contemplated by ATI.**

ATI presently anticipates that it will require discovery on the following issues with respect to each Defendant:

(1)      Defendants' awareness of the patents-in-suit and application that led to the issuance of each, and acts taken in response to that awareness;

(2)      Development of the Defendants' accused products;

(3)      Defendants' infringement of the patents-in-suit;

(4)      Defendants' willful infringement;

(5)      Damages discovery, in particular relating to the sales, revenues, and profits generated by Defendants in the manufacture, use, or sale of infringing products, as well as the costs associated with such manufacture and sale;

(6)      Damages discovery relating to royalty rates, the reasonableness of same, and the payments of royalties and for patents covering products such as those accused of infringement in the present suit;

(7)      The bases for Defendants' affirmative defenses and counterclaims; and

(8)      Contentions of Defendants' experts.

      **b.**      **Discovery Contemplated by Defendants.**

Defendants presently anticipate that they will require discovery on all claims, defenses and counterclaims, which will include, but not be limited to, discovery on the following:

    (1)    The claims that ATI contends each Defendant has infringed;

    (2)    ATI's factual basis for each of its infringement claims;

    (3)    ATI's factual basis for its willful infringement claims;

    (4)    The alleged validity and enforceability of the patents-in-suit;

    (5)    The scope and content of the prior art;

    (6)    The prosecution of the patents-in-suit, and any related or foreign counterparts to the patents-in-suit;

    (7)    The basis for ATI's request for injunctive relief;

    (8)    The bases for ATI's damage claims, including the manner in which the *Georgia Pacific* factors relate to ATI's claim for a reasonable royalty;

    (9)    ATI's and others' attempts to commercialize the subject matter disclosed or claimed in the patents-in-suit;

    (10)    The level of ordinary skill in the relevant art; and

    (11)    The contentions of ATI's experts.

**9.**      **Estimated Trial Length.**

ATI anticipates that trial will require from seven to ten court days. Defendants estimate that trial will likely require fifteen days, assuming that ATI significantly narrows the number of claims at issue in advance of trial.

ATI does not believe it is desirable to bifurcate issues for trial. Defendants believe that the issue of bifurcation should be revisited later once the parties have had an opportunity to take discovery.

**10.** **Jury Trial.**

A trial by jury has been demanded.

**11.** **Settlement.**

The parties have not been engaged in preliminary settlement discussions. Defendants believe that referral to a Magistrate for mediation or other ADR may be appropriate. Defendants also believe that the process would be far more useful and productive if ATI first identifies which claims it contends each Defendant has infringed and which systems in Defendants' products allegedly infringe those claims.

**12.** **Other Matters.**

    **(a)** **Potential Motion to Transfer**

BMWNA intends to file a motion to transfer this case to the U.S. District Court for the Eastern District of Michigan, which is where ATI has filed similar patent infringement cases in the past and where the Court is already familiar with the technology involved. HMA and KMA are still evaluating this issue. ATI believes that any motion to transfer would be untimely and is in any event futile.

    **(b)** **Protective Order**

The parties agree that entry of a protective order in this action is warranted with respect to the handling and use of Confidential and Highly Confidential Information. The parties

anticipate reaching agreement as to the form of such a protective order, and intend to submit said form to the Court for approval and entry.

### (c)   Coordination with Related Case.

ATI filed another action, styled *Automotive Technologies International, Inc. v. American Honda Motor Co., Inc., et al.,* C.A. No. 06-187 (GMS), in this Court on March 17, 2006. The ATI/Honda case involves ten of the eleven patents that are asserted against Defendants in this case. ATI submits that coordination of, at a minimum, claim construction between the instant case and the Honda case would increase the just, speedy, and inexpensive determination of this action. ATI further contends that the common inventor depositions ought to be jointly conducted.

Defendants agree that coordination of the two cases would be appropriate, but only for briefing and hearing on claim construction issues relating to the ten patents that are common to the two cases. Defendants therefore propose that the claim construction schedule previously set in the ATI/Honda case be briefly postponed to permit Defendants to participate. Defendants' proposed schedule for claim construction is set forth below in subsection (d)(1).

Defendants oppose ATI's proposal for "common inventor" depositions as impracticable and prejudicial to the parties' respective rights.

**(d)    Case Schedule.**

**The Parties propose the following case schedules. For the Court's convenience, an appendix is provided with the two schedules arranged side-by-side.**

(1)    Plaintiff proposes the following case schedule:

| EVENT | DEADLINE |
|---|---|
| Rule 26(a) Initial Disclosures | December 1, 2006 |
| Deadline for Motions to Amend | January 5, 2007 |
| Deadline for Joinder of Parties | January 5, 2007 |
| Claim Term Exchange | January 12, 2007 |
| Joint Claim Chart setting forth each parties' proposed claim constructions | January 31, 2007 |
| Close of Fact Discovery | May 15, 2007 |
| Opening Claim Construction Briefs | February 16, 2007 |
| Answering Claim Construction Briefs | February 28, 2007 |
| Consolidate Claim Construction Hearing | March 14, 2007 |
| Primary expert designations and reports on issues for which party has burden of proof | June 1, 2007 |
| Rebuttal expert designations and reports | July 30, 2007 |
| Close of Expert Discovery | September 14, 2007 |
| Opening letter brief for Dispositive Motion(s) | September 28, 2007 |
| Responsive letter brief for Dispositive Motion(s) | October 19, 2007 |
| Reply Dispositive Motion(s) | November 2, 2007 |
| Status conference on summary judgment motion filing | December 7, 2007 |
| Permitted Case Dispositive Motion Filing | December 21, 2007 |

| EVENT | DEADLINE |
|---|---|
| Opening brief(s), Motions *in limine* | March 7, 2008 |
| Opposing brief(s), Motions *in limine* | March 21, 2008 |
| Reply brief(s), Motions *in limine* | March 28, 2008 |
| Joint Proposed Final Pretrial Order | March 28, 2008 |
| Final Pretrial Conference | April 21, 2008 |
| Trial | May, 2008 |

(2)    Defendants propose the following case schedule:

| EVENT | DEADLINE |
|---|---|
| Rule 26(a) Initial Disclosures | December 11, 2006 |
| Plaintiff to disclose (a) the claims it contends each Defendant has infringed, (b) the systems in Defendants' products that allegedly infringe, and (c) its factual bases for the allegations set forth in the complaint. | December 18, 2006 |
| Plaintiff's final amendment to its complaint | January 5, 2007 |
| Defendants' final amendments to their answers and counterclaims, except for potential inequitable conduct defenses | January 19, 2007 |
| Final joinder of parties | February 16, 2007 (60 days after Plaintiff discloses the claims at issue) |
| Parties to exchange lists of disputed claim terms | April 16, 2007 |
| Joint Claim Chart setting forth each party's proposed claim constructions | May 14, 2007 |
| Claim construction opening briefs | June 1, 2007 |
| Claim construction answering briefs | July 2, 2007 |

12

| EVENT | DEADLINE |
|---|---|
| Defendants' deadline for amending their answers to assert inequitable conduct defenses | July 2, 2007 (60 days before the end of fact discovery) |
| Plaintiff's deadline for making final supplements or revisions to its infringement contentions | July 2, 2007 |
| Consolidated *Markman* hearing on patent terms that are common to instant case and *ATI v. American Honda Motor Co., Inc., et al.* | July 25, 2007 |
| *Markman* hearing on patent terms that are not at issue in *ATI v. American Honda Motor Co., Inc., et al.* | July 26, 2007 |
| Close of Fact Discovery | August 31, 2007 |
| Expert designations and reports on issues for which party bears the burden of proof | September 21, 2007 |
| Rebuttal expert designations and reports | October 22, 2007 |
| Close of Expert Discovery | November 30, 2007 |
| Summary Judgment Letter Briefs | December 14, 2007 |
| Responses to Summary Judgment Motion Letter Briefs | January 7, 2008 |
| Replies to Summary Judgment Letter Briefs | January 14, 2008 |
| Hearing re: Permission to Move for Summary Judgment | January 21, 2008 |
| Summary judgment and other dispositive motions | February 11, 2008 |
| Responses to summary judgment and other dispositive motions | March 3, 2008 |
| Reply briefs in support of summary judgment and other dispositive motions | March 12, 2008 |

| EVENT | DEADLINE |
|---|---|
| Motions *in Limine* | June 2, 2008 |
| Responses to Motions *in Limine* | June 16, 2008 |
| Replies in support of Motions *in Limine* | June 23, 2008 |
| Joint Proposed Pretrial Order | June 26, 2008 |
| Final Pretrial Conference | July 31, 2008 |
| Trial | September 2008 |

**13.    Conferral of Parties.**

Counsel for the parties hereto certify that they have conferred about each of the above matters.

MORRIS, JAMES, HITCHENS & WILLIAMS, LLP

___/s/ Mary B. Matterer_____
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800

SOMMERS SCHWARTZ, P.C.
Andrew Kochanowski
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300

BANIAK PINE & GANNON
Michael H. Baniak
Attorneys for Plaintiff
150 N. Wacker Drive, Suite 1200
Chicago, IL 60606
(312) 673-0360

Attorneys for Plaintiff

Dated: November 20, 2006

CONNOLLY BOVE LODGE & HUTZ, LLP

_____/s/ Paul E. Crawford_____
Paul E. Crawford (#493)
Patricia S. Rogowski (#2632)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

AKIN GUMP STRAUSS HAUER & FELD LLP
Jeffrey K. Sherwood
Frank C. Cimino, Jr.
William E. Potts
Paul A. Gennari
Jin-Suk Park
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
(202) 887-4000

Attorneys for Defendants HMA and KMA


POTTER ANDERSON & CORROON, LLP


___/s/ Richard L. Horwitz_____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000

HOWREY LLP
Joseph P. Lavelle
Thomas M. Dunham
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
(202) 783-0800

Attorneys for Defendant BMW

Dated: November 20, 2006

15

# APPENDIX

# CASE SCHEDULE

| EVENT | ATI'S PROPOSED DATES | DFDS' PROPOSED DATES |
|---|---|---|
| Rule 26(a) Initial Disclosures | December 1, 2006 | December 11, 2006 |
| Plaintiff to disclose (a) the claims it contends each Defendant has infringed, (b) the systems in Defendants' products that allegedly infringe, and (c) its factual bases for the allegations set forth in the complaint. | | December 18, 2006 |
| Plaintiff's final amendment to its complaint | | January 5, 2007 |
| Deadline for Motions to Amend | January 5, 2007 | |
| Defendants' final amendments to their answers and counterclaims, except for potential inequitable conduct defenses | | January 19, 2007 |
| Deadline for Joinder of Parties | January 5, 2007 | February 16, 2007 (60 days after Plaintiff discloses the claims at issue) |
| Claim Term Exchange | January 12, 2007 | April 16, 2007 |
| Joint Claim Chart setting forth each party's proposed claim constructions | January 31, 2007 | May 14, 2007 |
| Opening Claim Construction Briefs | February 16, 2007 | June 1, 2007 |
| Answering Claim Construction Briefs | February 28, 2007 | July 2, 2007 |
| Defendants' deadline for amending their answers to assert inequitable conduct defenses | | July 2, 2007 (60 days before the end of fact discovery) |
| Plaintiff's deadline for making final supplements or revisions to its infringement contentions | | July 2, 2007 |
| Close of Fact Discovery | May 15, 2007 | August 31, 2007 |
| Consolidated Claim Construction Hearing | March 14, 2007 | July 25, 2007 |

| EVENT | ATI'S PROPOSED DATES | DFDS' PROPOSED DATES |
|---|---|---|
| *Markman* hearing on patent terms that are not at issue in *ATI v. American Honda Motor Co., Inc., et al* | | July 26, 2007 |
| Primary expert designations and reports on issues for which party has burden of proof | June 1, 2007 | September 21, 2007 |
| Rebuttal expert designations and reports | July 30, 2007 | October 22, 2007 |
| Close of Expert Discovery | September 14, 2007 | November 30, 2007 |
| | | |
| Opening letter brief for Dispositive Motion(s) | September 28, 2007 | December 14, 2007 |
| Responsive letter brief for Dispositive Motion(s) | October 19, 2007 | January 7, 2008 |
| Reply letter brief for Dispositive Motion(s) | November 2, 2007 | January 14, 2008 |
| Status conference on summary judgment motion filing | December 7, 2007 | January 21, 2008 |
| Permitted Case Dispositive Motion Filing | December 21, 2007 | February 11, 2008 |
| Responses to summary judgment and other dispositive motions | Per Local Rule | March 3, 2008 |
| Reply briefs in support of summary judgment and other dispositive motions | Per Local Rule | March 12, 2008 |
| Opening brief(s), Motions *in limine* | March 7, 2008 | June 2, 2008 |
| Opposing brief(s), Motions *in limine* | March 21, 2008 | June 16, 2008 |
| Reply brief(s), Motions *in limine* | March 28, 2008 | June 23, 2008 |
| Joint Proposed Final Pretrial Order | March 28, 2008 | June 26, 2008 |
| Final Pretrial Conference | April 21, 2008 | July 31, 2008 |
| Trial | May, 2008 | September, 2008 |