**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., | |
| Plaintiff, | C.A. No. 06-391-GMS |
| v. | |
| HYUNDAI MOTOR AMERICA, BMW OF NORTH AMERICA, LLC, and KIA MOTORS AMERICA, INC. | |
| Defendants. | |

**SCHEDULING ORDER**

This ____ day of _____ 2006, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on November 17, 2006, and a status conference on November 27, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.    **Rule 26(a) Initial Disclosures and Certain Preliminary Contentions.**  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before December 22, 2006.

Plaintiff shall also disclose its infringement contentions on or before December 22, 2006, without prejudice to its right to supplement.[1]

---

[1] Hyundai, Kia and ATI disagree over the scope of ATI's disclosure obligations. (cont'd)

Defendants shall disclose their invalidity contentions on or before January 23, 2007, without prejudice to their right to supplement.

2.  **Joinder of other Parties and Amendment of Pleadings.**  All motions for plaintiff to amend the complaint shall be filed on or before January 5, 2007.  All motions for defendants to amend their answers and counterclaims, except for potential inequitable conduct defenses, shall be filed on or before January 19, 2007.  All motions to join additional parties shall be filed by January 23, 2007.  Defendants have until July 2, 2007 to move to amend to add any defense for alleged inequitable conduct.

3.  **Reliance Upon Advice of Counsel.**  Defendant(s) shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than July 2, 2007.  If any defendant elects to rely on advice of counsel as a defense to willful infringement, it shall produce any such opinion on which it intends to rely to plaintiff no later July 2, 2007.

4.  ***Markman* Claim Construction Hearing.**  A *Markman* claim construction hearing shall be held on May 3, 2007.  The *Markman* hearing is scheduled for a total of one day.  The parties shall exchange lists of claim terms for construction on January 19, 2007, and shall exchange proposed definitions for the claim terms on January 26, 2007.  The parties shall meet

---

(cont. from previous page) Hyundai and Kia maintain that ATI is obligated to disclose the claims at issue, the products and systems that allegedly infringe those claims, and the factual basis for the allegations in ATI's complaint.  According to Hyundai and Kia, their understanding of this matter is based on the November 27, 2006 status conference, during which the Court stated:  "In general, in principal, there must be at least on a preliminary basis a deadline for advising the defendants as to the claims that are in contention, that is the claims that the plaintiff contends the defendants have infringed, the systems, and the defendants' products allegedly infringing, *and the factual basis for the allegations set forth in the complaint.*  (Nov. 27, 2006 Tr. at 24) ( emphasis added).

According to ATI, ATI's understanding was that its obligation was strictly limited to its preliminary infringement contentions, which ATI contends was all that was ever discussed, and all that this preliminary disclosure was ever intended to be directed to.  Otherwise, ATI contends that it would have sought that the Defendants equitably provide the same, i.e., *the factual basis for the allegations set forth in the answer and counterclaim.*

and confer concerning claim terms and, on or before February 9, 2007, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic and any other evidence. The parties shall exchange and file opening claim construction briefs on March 6, 2007, and the answering claim construction briefs on April 6, 2007.

5.   **Discovery.**   All fact discovery in this case shall be initiated so that it will be completed on or before August 31, 2007. Expert Discovery in this case shall be initiated so that it will be completed on or before November 21, 2007. Opening expert report(s) for the party bearing the burden of proof shall be served on or before September 21, 2007, and rebuttal report(s) thereto shall be served on or before October 22, 2007.

a.   **Discovery and Scheduling Matters:**   Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at <u>www.ded.uscourts.gov.</u> Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER,** exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES.** The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6.   **Confidential Information and Papers filed under Seal.**   Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement

on a proposed form of order and submit it to the court within ten (10) days from the date of this order.  When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7.    **Settlement Conference.**  Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact United States Magistrate Judge Thynge to schedule a settlement conference with counsel and the clients.

8.    **Summary Judgment Motions.**  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than December 4, 2007.  Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than December 21, 2007.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before January 4, 2008.  The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on January 11, 2008.  **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9.    **Case Dispositive Motions:**  All case dispositive motions, opening briefs and affidavits, if any, in support of the motions shall be served and filed on or before January 24, 2008; all responses to dispositive motions shall be served and filed on or before February 7,

2008; all reply briefs in support of dispositive motions shall be served and filed on or before February 21, 2008. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10. **Applications by Motion:** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to District of Delaware Local Rule 7.1.4.

12. **Status/Daubert Conference.** On or before _____ (one week prior to Daubert teleconference), the parties shall submit a joint agenda identifying any Daubert issues that the parties intend to raise. The Court will hold a telephone conference on _____ at _____ ____.m. to discuss Daubert issues identified in the joint agenda.

**Alternatively:** The parties shall submit any *Daubert* issues with the Pretrial Order, according to the procedures set forth in paragraph 13 for *in limin*e motions.

13. **Pretrial Conference.** On May 21, 2008, beginning at 10:00 a.m., the Court will hold a Final Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order (a sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov) satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's

draft as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine:* No party shall file more than ten (10) motions *in limine.* Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed with the Joint Proposed Pretrial Order. The parties have agreed to exchange opening *in limine* briefs by March 31, 2008, opposition briefs by April 14, 2008, and reply briefs by April 21, 2008. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the Joint Proposed Final Pretrial Order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before April 21, 2008.

14. **Trial.** This matter is scheduled for a fifteen (15) day jury trial beginning at 9:00 a.m. on June 16, 2008, although the Court may to revisit the expected length of trial.

15. **Scheduling:** The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE

## SUMMARY OF PROPOSED CASE SCHEDULE

| EVENT | DEADLINE |
|---|---|
| Rule 26(a) Initial Disclosures | December 22, 2006 |
| Plaintiff to disclose (a) the claims it contends each Defendant has infringed, (b) which products, and which systems in the products, allegedly infringe those claims.[2]  This is without prejudice to Plaintiff's right to supplement. | December 22, 2006 |
| Deadline for Plaintiff's motion to amend its complaint. | January 5, 2007 |
| Deadline for Defendants' motions to amend their answers and counterclaims, except for potential inequitable conduct defenses. | January 19, 2007 |
| Parties to exchange list of claim terms. | January 19, 2007 |
| Defendants to provide their preliminary invalidity contentions.  This is without prejudice to Defendants' right to supplement. | January 23, 2007 |
| Deadline for joinder of parties. | January 23, 2007 |
| Parties to exchange claim terms with proposed constructions. | January 26, 2007 |
| Parties to submit joint claim term chart setting forth their respective claim term constructions. | February 9, 2007 |
| Opening claim construction briefs. | March 6, 2007 |
| Answering claim construction briefs. | April 6, 2007 |
| Claim construction hearing, to be consolidated with claim construction hearing in *ATI v. American Honda Motor Co., Inc., et al.* | May 3, 2007 |
| Deadline for Defendants to assert, and produce documents concerning, advice of counsel defense | July 2, 2007 |
| Deadline for Defendants to amend their answers to assert inequitable conduct defenses | July 2, 2007 |
| Close of fact discovery | August 31, 2007 |
| Deadline for expert designations and reports on issues for which party bears the burden of proof | September 21, 2007 |
| Deadline for rebuttal expert designations and reports | October 22, 2007 |
| Close of Expert Discovery | November 21, 2007, |
| Opening letter briefs for dispositive motions | December 4, 2007 |

---

[2]  Hyundai, Kia and ATI contend that ATI is also required to disclose the factual basis for the allegations set forth in its complaint.  ATI contends this obligation is not part of the December 22, 2006 disclosure.  See footnote presenting the parties' positions beginning at page 1.

| EVENT | DEADLINE |
|---|---|
| Responsive letter briefs for dispositive motions | December 21, 2007 |
| Reply letter briefs for dispositive motions. | January 4, 2008 |
| Status conference on dispositive motion letter briefs | January 11, 2008 |
| Deadline for filing permitted dispositive motions | January 24, 2008 |
| Responses to dispositive motions | February 7, 2008 |
| Reply briefs in support of dispositive motions. | February 21, 2008 |
| Motions *in limine* | March 31, 2008 |
| Responses to motions in limine | April 14, 2008 |
| Replies in support of motions *in limine* | April 21, 2008 |
| Joint Proposed Pretrial Order | April 21, 2008 |
| Final pretrial conference | May 21, 2008 at 10:00 am EST |
| Trial (15 days) | June 16, 2008 |